**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STEPHANIE RAMIREZ, | § | |
|         *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-1142 |
| | § | |
| UNITED STATES OF AMERICA, *ET AL.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendant United States of America's Motion to Dismiss, or for Summary Judgment.[1] Dkt. 42. Plaintiff did not file a timely response. *See* LOC. R. S. D. TEX. 7.4. Having considered the motion and the law, the court recommends that the motion be granted and this case be dismissed without prejudice.

## BACKGROUND

Plaintiff sued the United States of America and corrections officer Marshall Thomas pursuant to the Federal Tort Claims Act (FTCA) for injuries arising out of her rape by Thomas at the Bryan Federal Prison Camp (BFCP). The Government now has moved to dismiss Plaintiff's claims because: (1) The United States has not waived his sovereign immunity for Thomas's sexual assaults and (2) independent claims against Warden Boyle and BFPC staff for negligent training, supervision, and monitoring of employees are barred by (a) Plaintiff's failure to exhaust her claims administratively, (b) the FTCA's discretionary function exception, and (c) the FTCA's intentional tort exception.

---

[1] On October 23, 2018, the District Court referred this matter to this Magistrate Court for report and recommendation. Dkt. 43.

**ANALYSIS**

**A.  Rule 12(b)(1) Standards of Review[2]**

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." (internal citations omitted)).

---

[2] The Government has also moved for summary judgment under Rule 56. *See* Dkt. 42. Because Plaintiff cannot show that subject matter jurisdiction exists under the FTCA, and there are no disputed facts at issue, it is unnecessary to perform a separate summary judgment analysis.

### B.  Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Whether the United States has waived its sovereign immunity is properly raised by a Rule 12(b)(1) motion because it goes to the court's subject matter jurisdiction. *Campos v. United States*, 888 F.3d 724, 730 (5th Cir. 2018). "Waiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016).

The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees. *Meyer*, 510 U.S. at 475 (citing 28 U.S.C. § 1346(b)).  The FTCA is the sole basis for recovery for tort claims against the United States. *Gonzalez v. United* States, 851 F.3d 538, 543 (5th Cir. 2017). Pursuant to the FTCA, the United States has waived its sovereign immunity as to claims that are:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

*Meyer*, 510 U.S. at 477.

Whether a federal employee acted within the scope of employment is determined by state law. *Id.* at 478; *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006). In Texas, an employee's actions are within the scope of employment if they are (1) within his general authority; (2) in furtherance of the employer's business; (3) for the accomplishment of the object for which the employee was employed. *Goodyear Tire and Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). There can be no question that Thomas's sexual assaults and rape of Plaintiff do not meet any of these criteria. *See Shirley v. United States*, 232 F. App'x 419, 420 (5th Cir. 2007) (affirming

3

district court's conclusion that correction officer's actions were not within the scope of employment because the "sexual assault did not advance the United States's work, as required by prongs (2) and (3), and instead constituted a wholly personal action."); *Davis v. United States*, 474 F. Supp. 2d 829, 832 (N.D. Tex. 2007) ("[W]hen a prison guard turns from the duties of the job to violate BOP policy and the law by intentionally raping an inmate, the government is not liable for his intentional, criminal actions.").

Because Plaintiff cannot meet all the required elements to show the waiver of sovereign immunity under 28 U.S.C. § 1346(b), her claim against the United States must be dismissed.

### C.  Independent Claims Against Warden Boyle and BFCP Staff

The United States also argues that Plaintiff's independent claims for negligence against Warden Boyle and the BFPC staff are barred. *See* Dkt. 42 at 8, 16. Plaintiff has not sued Warden Boyle or any member of the BFPC staff. *See* Dkt. 24. Plaintiff's First Amended Original Petition contains an allegation that Warden Boyle and his staff failed to comply with the Prison Rape Elimination Act (Dkt. 24 at 12), but it names only only one defendant, the United States. Plaintiff has not asked for a summons to be issued and has not served Warden Boyle or other BFPC staff member.[3] The court interprets "independent claims against the Warden and BFPC staff" to refer to claims against the United States based on the independent negligence of Warden Boyle and/or his staff, as opposed to being based on the assault by Thomas. Such claims must be dismissed for the following reasons.

---

[3] Plaintiff did identify Thomas as a defendant in her original complaint, Dkt. 1 at 2, and served him with a summons. Dkt. 6. Thomas filed an answer. Dkt. 35. Her First Amended Original Petition identifies Thomas only as "Defendant's employee." Dkt. 24 at 2.

4

### 1.  Lack of Exhaustion

"An action cannot be brought against the United States for the negligent act of one of its employees 'unless the claimant shall have first presented the claim to the appropriate Federal agency.'" *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029-30 (5th Cir. 2011) (citing 28 U.S.C. § 2675(a)). This exhaustion requirement is a prerequisite to filing suit in federal court. *Id.*

> To fulfill [the exhaustion] requirement, an FTCA claimant must provide the agency with "facts sufficient to allow his claim to be investigated." *Cook v. United States,* 978 F.2d 164, 166 (5th Cir.1992). "This court has not required plaintiffs to specifically enumerate legal theories of recovery in their administrative claims." *Frantz* [*v. United States,* 29 F.3d 222, 224 (5th Cir. 1994)]. As long as "the Government's investigation of [the] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." *Rise v. United States,* 630 F.2d 1068, 1071 (5th Cir.1980).

*Id.*

Plaintiff's administrative claim was received by the Bureau of Prisons on July 19, 2016. DKt. 42-1 at 14. As the basis of her claim, she described actions by Thomas that occurred between March 2014 and July 19, 2014, including rape on July 19, 2014. Dkt. 42-1 at 16. She repeatedly asserts that the attacks occurred while she was "under the custodial, supervisory or disciplinary authority of Thomas." *Id.* Plaintiff does not assert that the actions of Thomas were due to the negligence of any other BFPC official or employee. In a footnote, counsel notes that he is investigating whether there is any video footage of the incidents or whether "prison monitoring security cameras was [sic] or should have been positioned" at the locations of the assaults. Dkt. 42-1 at 17. However, this brief aside indicates only that counsel is seeking additional evidence in support of Plaintiff's claim against Thomas and does not indicate any intention on the part of Plaintiff to assert independent negligence claims against any individuals other than Thomas. The

court concludes that Plaintiff did not exhaust any claims based on the negligence of Warden Boyle or BFPC staff, so to the extent she has pleaded such claims, they must be dismissed.

### 2. Discretionary Function Exception

Even as to claims cognizable under 28 U.S.C. § 1346(b), the liability of the United States is not absolute. Any claim based on a Government employee's performance of a "discretionary function or duty" is an exception to the waiver of sovereign immunity. 28 U.S.C. § 2680(a); *Campos*, 888 F.3d at 730; *Gonzalez*, 851 F.3d at 543. A two-prong test guides the determination of whether the discretionary function exception applies to a plaintiff's claim: (1) the conduct involves a matter of judgment or choice for the acting employee; and (2) the judgment or choice must be the kind that the exception was designed to shield. *Gonzalez*, 851 F.3d at 543-44; *Tsolmon*, 841 F.3d at 382. This exception must be strictly construed, with uncertainties resolved in favor of the Government. *Willoughby v. United States*, 730 F.3d 476, 480 (5th Cir. 2013). The Plaintiff bears the burden to prove that the discretionary function exception does not apply. *Tsolmon*, 841 F.3d at 382.

Plaintiff claims that Warden Boyle, or his staff, negligently failed to keep Plaintiff safe by not installing or maintaining video cameras, and/or by their hiring, supervision, or training practices. Such claims are clearly barred by the discretionary function exception. *See Shirley v. United States*, Civil Action No. 4:03-1385, 2006 WL708651 (N.D. Tex. Mar. 21, 2006) (the discretionary function exception barred prisoner's claim based on sexual assault where plaintiff could point to no specific federal statute, regulation, or policy that prescribed a specific course of action for protecting her).

"[T]he duty of care owed by the Government for personal injuries sustained during confinement in a federal prison, by reasons of the negligence of a governmental employee, is fixed

by 18 U.S.C. § 4042, independent of an inconsistent state rule." *United States v. Muniz*, 374 U.S. 150, 164-65 (1963). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz*, 486 U.S. 531, 536 (1954)). Section 4042 requires the Bureau of Prisons to take charge of the management and regulation of federal prisons, and to provide suitable quarters, safekeeping, care, protection, instruction, and discipline of those held in them. However, § 4042 does not indicate the manner in which the duties enumerated therein must be performed. *See Huff v. United States*, 555 F. App'x 289, 298 (5th Cir. 2014). Thus, a prison official's conduct in performing his duties under § 4042 involves an element of judgment and choice. *Id.*

The Supreme Court instructs district courts to give great deference in reviewing the decisions of prison officials. *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991) (Decisions by prison officials are generally "of the kind that the discretionary function exception was designed to shield."); *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("A prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and maintain institutional security."). A prison's internal security is the type of conduct the discretionary function exception was designed to shield. *Huff*, 555 F. App'x at 298.  Therefore, Plaintiff's tort claims against the United States must be dismissed pursuant to the discretionary function exception to the FTCA.

### 3.  Intentional Tort Exception

There is also an exception to the FTCA's general waiver of sovereign immunity for any claim arising out of an intentional tort such as assault or battery. 28 U.S.C. §2680(h); *United States v. Shearer*, 473 U.S. 52, 55 (1985). State law governs the determination of what constitutes an assault or battery. *Hamburg v. U.S. Postal Serv.*, Civil Action No. H-10-2186, 2010 WL 4226461, at *2 (S.D. Tex. Oct. 20, 2010). The elements of civil battery under Texas law are (1) harmful or offensive contact; (2) with a plaintiff's person. *Id.* Thomas's crime of rape meets the test for battery under Texas law.

The intentional tort exception to the FTCA bars claims not only for assault and battery committed by a Government employee, but also claims "that sound in negligence but stem from a battery committed by a Government employee." *Id.* at *3. Here, Plaintiff's claims that the negligence of Warden Boyle and his staff caused her injury "arise out of" the rape committed by Thomas. Warden Boyle and his staff did not violate any duty to Plaintiff that exists independent of their status as Government employees. *Id.* at 3-4. Thus, Plaintiff's claims are also barred by the intentional tort exception to the United States' waiver of sovereign immunity under the FTCA.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the court recommends that the Government's motion to dismiss be **GRANTED** and all Plaintiff's claims against the United States in this case be **DISMISSED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on December 18, 2018, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge